UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

WESTERN TITANIUM, INC. (1),
DANIEL SCHROEDER (2),
BRIAN MISAK (3),
JOHN COTNER (4),
CHEEM ANG (5),
MACH 2 METALS, INC. (6),
INTEGRATED TITANIUM GROUP I (7),
INTEGRATED TITANIUM GROUP II (8),

Defendants.

Criminal No. 08-CR-4229-JLS

**ORDER FOLLOWING HEARING ON MOTIONS IN LIMINE**

At a hearing held on October 6, 2010, the Court issued the following orders on pending motions in limine:

**A. Motions filed by Defendants Western Titanium, Mach 2 Metals, and Schroeder**

1. Motion in Limine Regarding Materials Subject to the Attorney-Client Privilege and/or Work Product Doctrine (Western MIL No. 1) (Doc. No. 581)

Defendants Western Titanium, Mach 2 Metals, and Schroeder (collectively, "Western") move for an order: 1) disqualifying any government attorneys, agents, or experts who have reviewed or been exposed to Western's privileged and work product documents from further participation in this case; 2) prohibiting the Government from introducing as evidence at trial or referencing in any way any document protected by the attorney-client privilege and/or work product doctrine; 3) prohibiting the

Government from introducing at trial any evidence seized after April 15, 2008; and 4) prohibiting the Government from making or referencing any allegation that Mr. Schroeder supposedly failed to disclose documents or records “possessed in his desk” without first making a showing, outside the presence of the jury, that it has proof of each foundational aspect of any allegation.

Defendants’ request that the Government be prohibited from introducing as evidence at trial or reference in any way any document by the attorney-client and/or work product doctrine is **Granted**. The Court has already ordered the suppression of this evidence and believes suppression to be the appropriate remedy in this case. For this reason, Defendants’ requests for disqualification of government attorneys and agents and the mass suppression of all evidence seized after April 15, 2008 are **Denied**. The Court agrees with the Government’s assessment that none of the privileged materials reveal any type of detailed defense strategy or allow any significant or meaningful insight into the preparation of Defendants’ case. It was only after days of *ex parte* testimony and evidence that the Court was able to determine that the documents were privileged. Therefore, the Court finds no government misconduct or intrusion into defense strategy to warrant a remedy beyond suppression of the privileged documents. Defendants’ oral motion for a stay of proceedings pending review of this determination by the Ninth Circuit Court of Appeals is **Denied**.

Finally, Defendants’ request that the Government be prohibited from referencing allegations in paragraphs 10 and 11(yy) of Second Superseding Indictment absent of a showing of proof is **Granted**. The Court has determined that the files containing the “Sketch” were compiled at the direction of counsel in anticipation of litigation and are protected by the work product doctrine. The Court believes that this protection extends to the location of the file. Based upon evidence previously received by the Court, the compilation was placed in the desk only as part of the work product compilation. Accordingly, the Government may not introduce evidence that the sketch, or any other document within the compilation, were found in the desk.

If there is additional evidence to support the allegations of alleged in Paragraphs 10 and 11(yy) of the second superseding indictment, the Government shall make an offer of proof. Otherwise, the Government shall show cause why those allegations in the indictment should not be stricken.

/ / /

2. Prohibit Reference to Undisclosed and/or Legally Improper Theories of Fraud (Western MIL No. 2) (Doc. No. 582)

Western moves this Court to prohibit the Government from advancing any theory of fraud that is: 1) not identified in the Second Superseding Indictment or the March 10, 2010 Bill of Particulars; 2) is based upon non-compliance with a "requirement" of a material specification that is not identified as a requirement in that specification; and 3) is based upon Western's action in accordance with one of multiple reasonable interpretations of a concededly ambiguous specification.

This motion is **Denied**. This Court has previously upheld the sufficiency of the Second Superseding Indictment and found that Defendants have been provided with sufficient notice of the crimes charged, particularly in light of the bill of particulars and the full discovery provided. The Court does not believe it is in a position to manage the Government's selection of evidence with respect to any element of the charged offenses, or its manner of proof. Of course, the Court will re-visit this issue should the defense make a specific showing of variance between the Second Superseding Indictment and the Government's proof. Furthermore, with respect to the alleged ambiguity of the regulations, this Court has previously denied Defendants' attempts to force a summary judgment ruling in this criminal case. It is the Government's burden to prove Defendants' specific intent to violate the law and it is entitled to do so by presenting its evidence at trial.

3. Exclude Speculative and Improper Lay Opinion Testimony (Western MIL No. 3) (Doc. No. 583)

The Court does intend to follow the Federal Rules of Evidence. Therefore, Western's motion is granted to that extent. However, to the extent that Defendants seek rulings on the admissibility of specific evidence based upon generalized assertions, the Court will **Reserve** ruling until such time as the evidence is sought to be admitted. Although the parties may be exceedingly familiar with the specific evidence that will be presented at trial, the Court is not. The Court declines to make evidentiary rulings in the abstract.

/ / /

/ / /

/ / /

    4. Exclude Evidence from JPL, DCMA, Boeing, Western Titanium and Sierra Alloys (Western MIL No. 4) (Doc. No. 584)

Western contends that the Government has failed to disclose documents from the Defense Contract Management Agency ("DCMA"), JPL, Boeing and Sierra Alloys that are material to the defense or constitute *Brady* or *Giglio* material. Western also alleges that the Government has failed to produce in discovery the documents seized from Western, and that the Government has failed to identify any 404(b) evidence.

The Government responds that it has produced the relevant discovery in its possession and indicates that it has turned over thousands of documents from DCMA and JPL as well as the entire Defense Criminal Investigative Services ("DCIS") casefile from the investigation of Sierra Alloys. Further, the Government indicates that Defendants were given numerous opportunities to inspect, copy or photograph the search warrant documents at DCIS and at Judge Battaglia's chambers. Finally, the Government responds that it provided notice of potential 404(b) evidence on September 9, 2010. The Government asserts that 404(b) notice is not necessary because the acts are uncharged overt acts in the conspiracy already alleged or inextricably intertwined with the conduct charged in the indictment.

Defendants have failed to make any specific showing that the Government has improperly withheld documents subject to disclosure under Rule 16 and/or *Brady* or *Giglio*. Therefore, Defendants' motion to exclude evidence from JPL, DCMA, Boeing, Western Titanium, and Sierra Alloys is **Denied.**

As to the Government's 404(b) disclosure, it appears that the noticed acts may be subject to admission outside of 404(b) as uncharged overt acts of the conspiracy. *See United States v. Soliman*, 813 F.2d 277 (9th Cir. 1987) (Noting that the policies underlying Rule 404(b) are simply inapplicable when some offenses committed in a single criminal episode become "other acts" because the defendant is indicted for less than all of his actions.). However, because notice of these acts was not provided until September 9, 2010, the day after motions in limine were due, Defendants will be given an opportunity to respond. Thus, the Court **Reserves** ruling as to the admissibility of the other act evidence disclosed in the September 9 letter. Defendants may file a renewed motion in limine regarding this evidence on or before **October 14, 2010**; the Government shall file any response on or before **October 20, 2010**. The Court will rule at the time of trial.

5. Exclude Expert Testimony That Does Not Satisfy FRE 702 or FRE 403 (Western MIL No. 5) (Doc. No. 585)

Western seeks to preclude all or some of the testimony of 21 Government expert witnesses because: 1) the requirements of the specifications at issue are the ultimate legal issue in this case; 2) the specifications do not contain the "requirements" the Government seeks to adduce opinion testimony regarding; 3) some of the witnesses are not qualified to provide expert testimony on the various subjects identified by the Government; 4) the irrelevant testimony is a waste of time; 5) eliciting testimony from a fact witness is prejudicial; and 6) the testimony is unnecessarily cumulative. In addition, Western seeks to exclude two experts because they were identified after the Court's deadline.

While the Court will **Reserve** ruling on the admissibility of any particular expert's testimony or qualifications until the time of admission, the Court is able to make some findings at this time. First, the Court finds that opinion testimony regarding the proper meaning and interpretation of the specifications is admissible under Federal Rule of Evidence 702 because it will assist the jury to understand the evidence or to determine a fact in issue. The Court disagrees with Defendants' position that such testimony is barred by Rule 704 as an opinion on an ultimate issue to determined by the jury, or that it presents a question of law to be determined by the Court. Defendants are not charged with violating specifications, they are charged with fraud. Thus, opinion testimony regarding the meaning and interpretation of the specifications at issue may be probative of Defendants' knowledge and state of mind, but it does not opine on the ultimate issue in this case – whether Defendants possessed the specific intent to defraud.

Second, the Court will give the Government's experts leeway to explain the requirements of given specifications, even if those requirements are not specifically set forth in the specifications. Defendants' knowledge of these requirements is an issue to determined by the jury. Thus, Defendants' objections to the lack of specificity regarding the requirements is a matter properly addressed on cross-examination.

Third, the Court notes that Ninth Circuit authority does permit the use of the same witness to provide lay and expert testimony provided the jurors are aware of the witness's dual roles. The Government indicates that it intends to elicit percipient testimony from certain witnesses before

qualifying them as experts to opine on whether the material they received conformed to the specifications. In *United States v. Anchrum*, 590 F.3d 795 (9th Cir. 2009), the Court approved a procedure where the witness's testimony was separated into a first phase consisting of his percipient observations, and a second phase consisting of his credentials and expert testimony. The Court will approve the use of such a procedure in this case, however, the prosecution shall endeavor to keep the "fact" portion of witness's testimony wholly separate from the "expert" portion and shall make clear to the jury when the "expert" portion begins.

Fourth, the Court has reviewed the summaries of the proposed expert testimony and it appears that each expert will be testifying about different aspects of the specifications, or discreet events. However, the Court is not inclined to allow cumulative testimony. Defendants' objections in this regard are preserved.

Finally, because Defendants have failed to demonstrate any prejudice, the Court declines to exercise the extreme sanction of exclusion of the two Government experts that were disclosed late.

### B. Motions filed by Defendant Ang

1. Motion in Limine Regarding Pre-Indictment Statements of Defendant Ang (Doc. No. 570)

Defendant Ang moves for an order to prohibit the Government from introducing an "off the record" portion of an interview Defendant Ang gave on August 10, 2004. The agents who conducted the interview did not transcribe the relevant portion of the interview until July of 2007. Defendant Ang contends that the Court should exclude evidence of this portion of the interview under Federal Rule of Evidence 403 because "the response to it will be a lengthy cross-examination . . . ."

This motion is **Denied**. Notably, Defendant Ang concedes that the mere introduction of this portion of the interview will not cause undue delay. Rather, Defendant Ang contends that any delay will result from his own cross-examination of the agents who conducted the interview. The Court is aware of no support for the proposition that a defendant may preclude the government from introducing relevant, admissible evidence by engaging in a lengthy cross-examination regarding that evidence. Accordingly, the Government may introduce the "off the record" portion of Defendant Ang's August 10, 2004 interview.

2. Motion in Limine Regarding Evidence Regarding the Kepler Spacecraft (Doc. No. 571)

Defendant Ang moves for an order to prohibit the Government from introducing evidence regarding the Kepler spacecraft. Overt act (gg) charged in count one of the Second Superseding Indictment pertains to allegedly nonconforming titanium supplied by Defendants that was used to manufacture components for the Kepler spacecraft. Defendant Ang contends that the Government impermissibly destroyed evidence by declining to delay the Kepler spacecraft's launch to allow Defendants to inspect and test the relevant components.

This motion is **Denied**. Under *California v. Trombetta*, 467 U.S. 489, 490 (1984), and *Arizona v. Youngblood*, 488 U.S. 51, 57–59 (1988), where the government fails to preserve evidence that is potentially exculpatory, the right to due process is violated only if (1) the evidence possessed an exculpatory value that was apparent before it was destroyed, (2) the defendant cannot obtain comparable evidence by other reasonably available means, and (3) the government acted in bad faith in failing to preserve the evidence. The second precondition to a due process violation is not met here. Ball Aerospace retained some of the material that it used to make the relevant components for the Kepler spacecraft, and the Government has offered that material to Defendants for testing on two occasions. The Court finds that this material would be comparable to the "destroyed" components of the Kepler spacecraft. The Court further finds that the Government made this material reasonably available to Defendants. Accordingly, the Government may introduce evidence regarding the Kepler spacecraft.

3. Motion in Limine Regarding Certain Prejudicial Terms and Phrases (Doc. No. 572)

Defendant Ang moves for an order under Federal Rule of Evidence 403 to prohibit Government counsel from uttering certain terms and phrases during trial. Specifically, Defendant Ang seeks to prohibit the Government from (1) referring to MIL Handbook Five as "the Bible," (2) using hyperbolic rhetoric to describe the damages allegedly attributable to Defendants' conduct, (3) using the phrase "slicing and dicing," (4) asserting that the titanium at issue "passed" or "failed" tests, (5) asserting that Defendants "certified" the titanium Western distributed, (6) asserting that Defendants "salted the batch" of testing samples Western sent for testing, and (7) asserting that Western is in the aerospace industry.

This motion is **Denied Without Prejudice** to renew at trial with respect to specific statements. The Court is disinclined to rule that the probative value of any phrase is substantially outweighed by its prejudicial effect without more. To the extent that Defendant Ang's objection is directed at statements by Government counsel, the Court will, of course, instruct the jury that statements, arguments, and questions of attorneys are not evidence. *See, for example,* 9th Cir. Crim. Jury Instr. 1.4. However, the parties are reminded that the Court will not tolerate arguments calculated to inflame the passions or prejudices of the jury.

Defendant Ang also moves for an order to prohibit the Government from asserting that Defendant Schroeder "hid" or "concealed" certain documents in his desk. As indicated previously, the Court will preclude evidence that any document found within the work product compilations was found in Defendant Schroeder's desk. Thus, this motion is **Granted**.

4. Motion in Limine to Exclude Evidence of Prior Similar Acts (Doc. No. 573)

Defendant Ang moves for an order to prohibit the Government from introducing evidence of other crimes, wrongs, or acts under Federal Rule of Evidence 404(b). Defendant Ang contends that the Government has not provided notice of its intent to introduce such evidence, as Rule 404(b) requires.

The Court **Reserves** ruling as to the admissibility of the prior act evidence disclosed in the September 9 letter pending the briefing previously ordered with respect to Defendant Western's motion to preclude this evidence (Western MIL No. 4).

**C. Motions filed by Defendant Misak**

1. Prohibit the Prosecution from Commenting on a Defendant's Exercise of his Right not to Testify, and Other Improper Argument (Misak MIL No. 1) (Doc. No. 574)

As Defendant acknowledges, it *does* go without saying that the prosecution may not comment on a defendant's failure to testify at trial. The Government indicates that it has no intention of breaching this principle, nor does it intend to make comments to appeal to the prejudices or emotions of the jury. Therefore, this motion is **Denied as moot**.

/ / /

/ / /

/ / /

2. Prohibit Improper Argument in Opening Statement and to Review any Demonstrative Evidence to be Used in Opening Statement Before it is Used (Misak MIL No. 2) (Doc. No. 575)

Defendant Misak's request to provide prior notice of any demonstrative exhibits to be used during opening statements is **Granted.** Such disclosures shall be made by **October 20, 2010**. This order applies to all parties. Defendant's request to prohibit improper argument in opening statement is **Denied as moot** as the Court presumes that no party will intentionally offer improper argument in their opening statement.

3. Exclude Irrelevant Evidence Relating to Companies not Mentioned in the Indictment (Misak MIL No. 3) (Doc. No. 576)

Based upon the representations made by the Government in its opposition, it does appear that the evidence regarding the companies not mentioned in the indictment is relevant because it tends to establish Defendants' knowledge that the material they were selling did not conform to specifications and that the certifications they provided to customers were false. Therefore, Defendant's motion is **Denied**. Future objections that specific evidence is cumulative or unfairly prejudicial are not waived.

4. Exclude Irrelevant Third-Party Evidence (Misak MIL No. 4) (Doc. No. 577)

This motion is **Denied.** The contractual evidence, including invoices, awards, blueprints, diagrams and proprietary specifications, appears to be relevant to establish jurisdictional requirements; to demonstrate that Defendants' demand for payment was unjustified; to demonstrate the aircraft or spacecraft and interstate nexus requirements of 18 U.S.C. § 38; and as evidence of materiality.

5. Exclude Hearsay Statements (Misak MIL 5) (Doc. No. 578)

Defendant Misak seeks to exclude all statements offered as a co-conspirator statement under Fedederal Rule of Evidence 801(d)(2)(E) because there is no evidence of a conspiracy. The Government responds that it will establish each of the requisite preliminary facts prior to admitting any co-conspirator statements. Therefore, this motion is **Reserved** until the specific evidence is offered.

/ / /

/ / /

/ / /

6. Motion for Defense Witness Immunity for Rigoberto Perez (Misak MIL No. 6) (Doc. No. 579)

Based upon the Government's representation that it has not provided immunity to witness Robert Boyer, the Court finds no basis to compel immunity for Rigoberto Perez. Accordingly, Defendant's motion is **Denied.**

**D. Motions filed by Government (Doc. No. 580)**

1. Setting of Reasonable Time Limits for Trial

While the Court would gladly set time limits for both the prosecution and defense cases, the Court must concur with Defendant Misak's assessment that the Court cannot, and does not, have a realistic understanding of what the proof will be how and how much time would be adequate for either side to present its case. Therefore, the Government's motion to set time limits is **Denied**.

The defendants have advanced several proposals to facilitate the timely progression of the trial, some of which the Court would like to comment upon. First, the Court declines to order the Government to proffer the relevance of each exhibit and witness at this time. The expectation that the Court will be in a position to issue pretrial rulings on the admissibility of the Government's exhibits and witnesses is unrealistic. Similarly, the Court declines to order the Government to name its witnesses, their proposed order and relevance at this time.

Second, the Court does not expect that the Government, or any party, will be presenting irrelevant, unnecessary and duplicative testimony and exhibits.

Third, the Court would encourage each side to provide opposing counsel with a rolling list of witnesses and exhibits to be called within the upcoming 48 hours of trial. However, the Court believes that the details of such an arrangement is capable of resolution between the parties as a matter of professionalism, thus the Court declines to enter any formal order at this time. Along these lines, the Court would also encourage the Government to inform the defense of any overt act that it does not intend to prove.

Fourth, the Court will request that the Government notify the defense before it excuses a subpoenaed witness.

Fifth, the Court believes that it would be appropriate not to limit cross-examination to the scope

of direct if the witness would be subject to re-call. The Court believes this determination would best be made on a witness-by-witness basis.

Finally, the trial hours will be from 9:00 a.m. until 4:30 p.m. with a one hour lunch break and a 15- minute break during each morning and afternoon session.

2. Preclusion of Speaking Objections at Trial

The Government's motion to preclude speaking objections in the presence of the jury is **Granted**. However, the Court acknowledges Defendants' concern that some evidentiary objections will require particularized explanations. Thus, the Court will remain flexible to provide avenues for the parties to make their positions clear when the issue is more complicated than that presented by an ordinary objection. When the parties are able to anticipate an issue in advance, they should notify the Court and we will attempt to find a time to resolve the issue outside of the jury's presence. The Court recognizes that some issues may need to be addressed side-bar, but the Court would prefer to keep such conferences to a minimum.

3. Exclusion of "Root Cause" Report

The Government's motion to exclude the Defense Contract Management Agency ("DCMA") Nonconforming Titanium Root Cause Analysis Report is **Denied**. Assuming the proper foundation is laid, the Court finds that report is admissible as a public report under Federal Rule of Evidence 803(8)(C). The Court is not persuaded that the alleged "draft" status of the report indicates a lack of trustworthiness. The report contains no indication that it is meant to be a draft and sets forth a comprehensive and detailed analysis by a team of members from the DCMA, NASA, the US Air Force, and private corporations. The Court finds sufficient indicia of trustworthiness to warrant admission of the document.

The report may also be admissible under Federal Rule of Evidence 801(d)(2)(D) as a party admission because the DCMA appears to be the relevant and competent government agency charged with the development of rules for defense suppliers to ensure that DoD, Federal, and allied government supplies and services meet all performance requirements. *See United States v. Van Griffin*, 874 F.2d 634, 638 (9th Cir. 1989) (finding that National Highway Traffic Safety Administration pamphlet on sobriety testing admissible as party admission by the United States because NHTSA was the relevant

and competent section of the government charged with the development of rules for highway safety).

4. Admission of Document from Daniel Schroeder's Desk

For the reasons previously set forth, the Court finds that copies of documents within the work product compilations are not independently admissible as items discovered in the desk. Accordingly, this motion is **Denied**.

5. Exclusion of Witnesses

The motion to exclude witnesses pursuant to Federal Rule of Evidence 615 is **Granted**. The following are exempted from exclusion:

1. the Government's case agent, Agent Dao, and FBI Special Agent Peters;
2. all defendants and/or corporate representatives (of corporation defendants);
3. Jenna Aviano;
4. any non-fact expert witnesses; and
5. character witnesses.

6. Preclusion of Improper Objections during Testimony of Witness Aviano

This motion appears to be **Moot** as Defendant Western indicates it will have no objection to Ms. Aviano testifying about her personal knowledge of relevant matters that she possessed prior to January 2009 and was not learned in privileged communications. Ms. Aviano's testimony, both questions and answers, should be directed solely at her personal knowledge of the events at issue.

7. Exclusion of Evidence of Testing of Non-Western Titanium Materials

The Government moves to exclude, pursuant to Federal Rules of Evidence 401 and 403, evidence of testing performed on other material not procured and sold by Western Titanium. The Government does not describe the particular testing it seeks to exclude, thus the Court will **Reserve** ruling until the time of admission, when the Court will be in a better position to understand the nature of the evidence and the context in which it is offered. However, the Court will indicate that based on the arguments in the defendants' oppositions, it appears that the "baseline plate" testing and the "billet" testing would be relevant and admissible.

8. Exclusion of Evidence of Industry Practice

This motion is **Denied**. The Court has given the Government broad latitude in its presentation of evidence regarding the proper meaning and interpretation of the specifications at issue in this case. Fairness dictates that defendants also be permitted latitude to establish that their interpretation of the

specifications was reasonable under accepted industry standards, particularly in light of the concededly ambiguous nature of the specifications.

9. Exclusion of Boeing Reports and Powerpoint

The Court will **Reserve** this issue until the time of trial to allow defendants to lay the foundation for admission of the Boeing Reports and Powerpoint presentation as non-hearsay. However, the Court is not persuaded that the documents are sufficiently trustworthy to be admissible under the business records exception because they were apparently prepared in anticipation of litigation. Furthermore, the Court is not persuaded that the documents are admissible as non-hearsay evidence of Boeing's state of mind because Boeing's state of mind is irrelevant – the government is the victim in this case, not Boeing. However, the Court will reserve final ruling as to these issues, as well as whether the documents are admissible as non-hearsay evidence that the interpretation of the specifications is subject to dispute.

10. Exclusion of Bodycote Letter

The Court finds that the Bodycote letter is relevant and admissible as evidence of Defendants' knowledge, state of mind, and intent. The distinctions drawn by the Government as to relevance are matters appropriately weighed by the jury in its consideration of the evidence, therefore the Government's motion to exclude the letter is **Denied**.

**IT IS SO ORDERED**.

DATED: October 12, 2010

Janis L. Sammartino

Honorable Janis L. Sammartino
United States District Judge