UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WESTERN TITANIUM, INC. (1),<br>DANIEL SCHROEDER (2), and<br>MACH 2 METALS, INC. (6),<br><br>　　　　　　Defendants. | Criminal No. 08-CR-4229-JLS<br><br>**ORDER:**<br><br>**1) DENYING DEFENDANTS' RULE 12 MOTION [Doc. No. 630];**<br><br>**2) DISMISSING DEFENDANTS' SUPPLEMENTAL MOTION TO SUPPRESS EVIDENCE [Doc. No. 630]; and**<br><br>**3) DENYING AS MOOT DEFENDANTS' MOTIONS FOR LEAVE TO SUPPLEMENT MOTION TO SUPPRESS EVIDENCE [Doc. Nos. 682 and 683]** |

　　Presently before the Court is Defendants Western Titanium, Inc., Daniel Schroeder, and Mach 2 Metals, Inc. (collectively "Western") Rule 12 Motion and Motion to Suppress Evidence. Having fully considered Defendants' motion and the Government's response and opposition thereto, the Court will deny Defendants' Rule 12 Motion and dismiss the Motion to Suppress Evidence as waived. Defendants' motions for leave to supplement their motion to suppress evidence will be denied as moot.

**Background**

　　On April 15, 2008, law enforcement agents executed a search warrant at Western's business premises and seized 80 boxes of documents. These boxes have been held as evidence by the

Government since their seizure; Defendants have been provided access to them for inspection and copying since May 16, 2008.

Defendants were indicted on December 4, 2008 and charged with conspiracy to commit fraud involving aircraft or space vehicle parts in violation of 18 U.S.C. § 38 and substantive violations of the same statute. A Superseding Indictment was returned on August 18, 2009, and a Second Superseding Indictment was issued on February 23, 2010. The Second Superseding Indictment alleges a conspiracy to commit fraud involving aircraft or space vehicle parts, to make and present false claims in violation of 18 U.S.C. § 287, to make false statements in violation of 18 U.S.C. § 1001, and to commit mail fraud in violation 18 U.S.C. § 1341 and also alleges substantive counts of fraud involving aircraft parts, mail fraud, false claims, and false statement.

To accommodate Western's speedy trial demand, trial was originally set to commence on October 5, 2009, provided that all substantive motions could be resolved by the motion hearing date of July 28, 2009. A motions filing deadline of June 24, 2009 was established and, on that date, Western filed its first motion to suppress evidence seized pursuant to the search warrant. Western did not file any motion to compel discovery or otherwise suggest that the Government's disclosure pursuant to Rule 12 of the Federal Rules of Criminal Procedure was inadequate.

Due to intervening events, the July 28, 2009 motion hearing did not take place and the October 2009 trial date was vacated. A new trial date of October 25, 2010 was eventually set. In light of the superseding indictments, the parties were directed to refile their pretrial motions by June 28, 2010. Western filed a second motion to suppress search warrant evidence on that date, identifying by chart hundreds of pages of documents allegedly seized outside the scope of the warrant. Again, in the time period leading up to the filing of this motion, Western failed to file any motion to compel discovery or otherwise suggest that the Government's Rule 12 disclosure was inadequate.

An evidentiary hearing was held on Western's motion to suppress evidence on August 30 and 31, 2010. At the hearing, Western requested permission to supplement its motion after the Government provided Western with the Government's trial exhibits. The Court denied this request, absent a showing that the documents were not provided in discovery.

On September 15, 2010, Western filed a motion for an order to show cause seeking to hold the

Government in contempt for an alleged violation of a 2008 pre-indictment order of Magistrate Judge Major and an alleged failure to comply with its discovery obligations under Fed. R. Crim. P. 16(a)(1)(E). The Court found no basis for Western's motion and denied it a hearing held on September 30, 2010. It was at this hearing that counsel for Western raised an objection to the sufficiency of the Government's Rule 12 disclosure in light of the Government's disclosure of trial exhibits on September 20, 2010.[1] Counsel was directed to file the motion at hand.

**Discussion**

Western contends that Fed. R. Crim. P. 12(b)(4)(B) is not satisfied until the Government has produced its trial exhibits. Thus, Western maintains that it must now be given an opportunity to seek suppression of additional documents to remedy the Government's failure to timely provide Rule 12 notice. Western has identified approximately 140 additional documents which it asserts were seized outside of the scope of the search warrant, and has further requested leave to supplement its motion with 8 more Government exhibits allegedly seized outside the scope of the search warrant. Western also identifies hundreds of Government exhibits it contends are fruit of the poisonous tree.

The Government responds that it did provide Western proper notice pursuant to Rule 12. Specifically, the Government references a letter dated June 15, 2010 which, in response to Western's counsel's request for Rule 12(b) disclosure, the prosecutor indicated:

> ... The government has not completed its list of trial exhibits, as the trial date is still over four months away. As such, I am not able to identify all the evidence with particularity, but I am certainly able to identify the types of evidence that the government will offer.
>
> The government intends to offer the specifications identified in my letter of June 8, 2010, as well as records of the conversion, finishing and testing performed on behalf of Western Titanium on the heat lots identified in that same letter. The government intends to offer contracts SP0400-01-D-9406, N00019-4-C-0014, NAS7-03001 and F33657-98-D-0018, and all relevant amendments, incorporated clauses, delivery orders and subcontracts. The government intends to offer the purchase orders submitted to Western Titanium by the customers identified in the Indictment, and diagrams and/or photos of the relevant aircraft parts at issue, as well as the certifications and invoices sent by Western Titanium to those customers. The government further intends to offer the claims for payment submitted to the government by the prime contractors in the above-

---

[1] Defendants were provided with a list of the Government's exhibits identified by Bates number on August 25, 2010. On September 20, 2010, the Government produced to all parties a CD containing scanned copies of all trial exhibits, marked and numbered as they will be presented at trial. The Government has represented that all of the documents and exhibits provided on the disc have previously been made available to the defense for inspection and copying or have been directly provided to the defense in discovery. Defendants have made no showing to the contrary.

3

> referenced contracts, as well as such other shipping records and other documents from prime and subcontractors to trace the titanium from Western Titanium to the government, and documentation of the government's receipt and acceptance of the products.
>
> In addition, the government intends to introduce records of the testing of material procured from Western Titanium conducted by the Air Force Research Laboratory, the Jet Propulsion Laboratory, Boeing (Westmoreland), Electric Boat, Massachusetts Materials Research, Mattco Forge and Senior Aerospace Jet Products. The government also intends to introduce records related to the corporate structure and ownership of the defendant corporations, records setting forth internal Western Titanium procedures, and records of the sales and expenses of Western Titanium. Finally the government intends to introduce the Boeing GIDEP and associated documents and various facsimiles, emails, memos, notes, letters and other documents written by or addressed to the individual defendants as evidence of knowledge and intent.
> ...
>
> Ex. 3, Gov't Resp. & Opp'n [Doc. No. 660].

The Court agrees that the notice provided in this letter was sufficient to satisfy the Government's obligation pursuant to Rule 12(b)(4)(B). Rule 12(b)(4)(B) is "a matter of procedure," rather than a rule designed to ensure fairness at trial. *United States v. Cruz-Paulino*, 61 F.3d 986, 993 (1st Cir. 1995), quoting Fed. R. Crim. P 12 advisory committee's note. The rule allows defendants to request notice of the government's intent to use evidence "in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C)." Fed. R. Crim. P. 12(b)(4)(B). Rule 12(b)(4)(B) is intended to make it possible for defendants to "avoid the necessity of moving to suppress evidence which the government does not intend to use." *Cruz-Paulino*, 61 F.3d at 994, quoting Fed. R. Crim. P 12 advisory committee's note. Thus, Rule 12(b)(4)(B) does not appear to be intended as a means to enable defendants to pinpoint particular pieces of evidence subject to suppression, but as a means to identify evidence for which a motion to suppress is not required.

The prosecutor's June 15, 2010 letter was sufficient to place Western on notice of the type of evidence the Government would seek to admit in its case-in-chief so that Western could have timely asserted its Fourth Amendment objection to the admission of the now-contested evidence. While the Court is mindful of its obligation to indulge every reasonable presumption against waiver of a constitutional right, the Court cannot avoid the conclusion that Western's failure to contest this evidence in a timely manner was a failure directly attributable to Western, not the Government.

Armed with the description of evidence contained in the above-referenced letter and the discovery provided by the Government, it is difficult to perceive how Western could not have been

aware that the now-challenged evidence would have been important to the Government's theory of the case. The Court's review of the documents suggests that they all fall within the description of evidence contained in the June 15, 2010 letter. The Court understands that the number of documents seized during the execution of the search warrant was significant, 80 boxes' worth, but Western had access to the documents for over two years before the second set of substantive motions were due. If Western did not have sufficient time to properly review the documents in time to prepare its motion to suppress evidence by the Rule 12 deadline, the appropriate action would have been to request an extension of time for filing the motion.

Furthermore, if Western truly believed that the Government's Rule 12 notice was inadequate and that Rule 12 requires the production of each specific Government exhibit, Western should have raised the issue with the Court prior to the motion deadline. There is simply no good cause for waiting until the final weeks before trial to raise a discovery issue for the first time. Given the vastness of Western's supplemental suppression claims, there is no realistic means of resolving the issues without substantial prejudice to the Government's trial preparation, nor does the Court have sufficient time to hold additional evidentiary hearings before the commencement of trial. Accordingly, the Court finds no good cause to excuse Western's failure to raise its supplemental suppression claims prior to the motions deadline and thus deems them waived pursuant to Fed. R. Crim. P. 12(e).

## Conclusion

For the reasons set forth above, the Court finds that the Government adequately complied with the notice requirements of Fed. R. Crim. P. 12(b)(4)(B). The Court further finds that Western's supplemental suppression claims are waived for failure to raise them by the pretrial motion deadline. Accordingly, Western's Rule 12 Motion is **HEREBY DENIED**; its Supplemental Motion to Suppress Evidence is **DISMISSED**. Western's Motion for Leave to Supplement Motion to Suppress Evidence and Defendant Schroeder's Motion for Leave to Supplement Under Seal Motion to Suppress Evidence are **DENIED AS MOOT**.

IT IS SO ORDERED.

DATED: October 18, 2010

Honorable Janis L. Sammartino
United States District Judge