UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 08-CR-4229-JLS |
| Plaintiff, | **ORDER GRANTING NON-PARTY MOTIONS TO QUASH SUBPOENAS** |
| v. | **[Doc. Nos. 721, 722, 723 and 732]** |
| WESTERN TITANIUM, INC., et al. | |
| Defendants. | |

Presently before the Court are motions to quash subpoenas filed by non-parties Pro-Fab, Inc. (Doc. No. 721), Titanium Industries, Inc. (Doc. No. 722), Senior Aerospace Jet Products (Doc. No. 723), and Supra Alloys, Inc. (Doc. No. 732). For the reasons set forth below, the Court will grant each of the motions.

**Discussion**

On October 18, 2010 Defendant Western Titanium Inc. ("Western") obtained subpoenas directed to the custodians of records for the non-party business entities. The subpoenas commanded the production of documents in court on October 25, 2010, the first day of trial.[1] The items required to be produced include a broad array of documents spanning over an eight-year time period. For example,

---

[1] Pursuant to this Court's oral order of October 25, 2010, enforcement of the subpoenas has been stayed during resolution of any pending motion to quash.

one request made to Pro-Fab, Inc. and Senior Aerospace Jet Products includes "any and all documents relating to the manufacture, purchase, processing, testing, and/or sale of 6al-4v or 6al-6v-2sn forged titanium, whether standing alone or as incorporated into a part or product, pursuant to any revision of specifications MIL-T-9046, AMS-T-9046, AMS 4911, DMS 1592, or DMS 1570 between 2001 and 2008, including but not limited to requests for quotation, purchase orders to vendors, forging documents, processing and manufacturing documents, travelers, test reports, certifications, invoices, packing lists, notes, and internal and external correspondence." *See e.g.* Ex. "A", Pro-Fab Inc.'s Mot. to Quash Subpoena (Doc. No. 721). Similar requests are also included in the subpoenas issued to Titanium Industries, Inc. and Supra Alloys, Inc.

The subpoenaed business entities, at least some of which are business competitors of Western, contend that the subpoenas must be quashed because they are overbroad and unduly burdensome. Each entity points out that the requested production requires the review of an extraordinary number of business documents. Pro-Fab, Inc. indicates that compliance with its subpoena would require the examination of at least tens of thousands and possibly hundreds of thousands of documents. Titanium Industries, Inc. represents that compliance with the subpoena requests would require the review of thousands upon thousands of documents, and encompass the production of classified materials, sensitive communications, technological and manufacturing advancements, and future business plans, all of which could operate to benefit Western, to the detriment of Titanium Industries, Inc., for years to come. Senior Aerospace Jet Products indicates that compliance would potentially require hundreds of hours of employee time to sift through nearly a decade's worth of business records and further notes that the subpoena requests require the production of sensitive and proprietary documents which would require third party notification and consent. Supra Alloys, Inc. estimates that the review required by the subpoena would require weeks, if not months, to complete.

Having reviewed each of the subpoenas at issue, the Court agrees with the non-parties' position that the subpoenas are overbroad and do not comply with Rule 17(c) of the Federal Rules of Criminal Procedure. "Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Thus, Rule 17

is "merely an aid for obtaining relevant and evidentiary materials which the moving party plans to use at trial or in some other court proceeding." *United States v. Noriega*, 764 F.Supp. 1480, 1492 (S.D. Fla. 1991), citing *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980).

The test for enforcement of a subpoena is whether its constitutes a good faith effort to obtain identified evidence rather than a general "fishing expedition" that attempts to use the rule as a discovery device. *Bowman* at 220-21. The proponent must demonstrate that subpoena clears three hurdles: (1) relevancy, (2) admissibility, and (3) specificity. *United States v. Nixon,* 418 U.S. 683, 700 (1974).

Here, it is impossible to conclude that Western's subpoenas reflect a genuine effort to obtain identifiable and relevant evidence. Although Western asserts that information regarding industry practice is relevant to its defense, Western has made absolutely no showing that specific evidence supporting its defense is in the possession of the subpoenaed parties. Western suggests that the subpoenaed companies may have engaged in practices similar to those charged against Western in this case, but makes no showing that any such practices were accepted within the industry. The fact that a transaction occurred does not inform as to the intent behind the transaction and the fact that other companies may have engaged in the same type of transactions charged in this case does not necessarily prove an *accepted* industry practice. Thus, the Court is not entirely persuaded that the information sought meets the relevancy requirement of Rule 17(c).

Furthermore, Western does not seek evidence of specified transactions, but rather has requested the wholesale production of "any and all" documents relating to broad categories over a substantial period of time in the hope that its suspicions will be borne out. The Court agrees that this is precisely the type of fishing expedition forbidden under Rule 17(c). "If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused." *Noriega*, 764 F.Supp. at 1493.

While "exquisite specificity" may not be required to enforce a subpoena, as Western maintains, the wholesale production of documents which ultimately may turn out to contain little or no material evidence is certainly not condoned. *See United States v. Poindexter*, 727 F.Supp. 1501, 1510 (D.D.C. 1989) (recognizing that "exquisite specificity" is not a prerequisite for enforcement of subpoena, but

refusing to require "wholesale production of documents which ultimately may turn out to contain little or no material evidence."). *See also United States v. Louis*, 2005 WL 180885 *5 (S.D.N.Y January 27, 2005) (demand for "'any and all' documents relating to several categories of subject matter ..., rather than specific evidentiary items" indicates that the subpoena's proponent "seeks to obtain information helpful to the defense by examining large quantities of documents, rather than to use Rule 17 for its intended purpose–to secure the production for a court proceeding of specific admissible evidence."). Therefore, the Court finds that the subpoenas fail on the specificity prong of the *Nixon* analysis.[2]

Finally, given the non-parties' representations regarding the vast expenditures of time and resources necessary to comply with the subpoena requests within the relatively short time confines of the trial period, the Court finds that the requested subpoenas constitute an oppressive and unreasonable use of the process of court.

**Conclusion**

The Court finds that the subpoenas issued to non-parties Pro-Fab, Inc., Titanium Industries, Inc., Senior Aerospace Jet Products, and Supra Alloys, Inc., do not comply with the requirements of Rule 17(c) of the Federal Rules of Criminal Procedure. In addition, the Court finds that compliance with the subpoenas would be unreasonable and oppressive. Accordingly, the subpoenas are **HEREBY QUASHED**.

IT IS SO ORDERED.

DATED: November 4, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

COPY:

All Parties/Counsel
Counsel for Movants Pro-Fab, Inc.,
 Titanium Industries, Inc.,
 Senior Aerospace Jet Products, and
 Supra Alloys, Inc.

---

[2] The Court is not aware of specific evidence of industry practice in the possession of the subpoenaed entities. Accordingly, Western's request that the Court modify the subpoena so as to seek those documents is **DENIED**.

4