UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>WESTERN TITANIUM, INC., et al.<br><br>               Defendants. | Criminal No. 08-CR-4229-JLS<br><br>**ORDER GRANTING GOVERNMENT'S MOTION TO QUASH SUBPOENA**<br><br>**[Doc. No. 702]** |

Presently before the Court is the Government's motion to quash a subpoena issued by Defendant Western Titanium, Inc. ("Western") to the Department of Defense. Having considered the Government's motion and the response filed by Defendants Western, Daniel Schroeder and Mach 2 Metals, Inc. ("Defendants"), the Court concludes that subpoena does not comply with Rule 17 of the Federal Rules of Criminal Procedure. Accordingly, the Government's motion to quash will be granted.

**Discussion**

On October 15, 2010 Defendant Western obtained a subpoena directed to the Custodian of Records, Inspector General, Department of Defense. The subpoena commanded the production of the numerous categories of documents at trial, on October 25, 2010, such as "any and all documents relating to the drafting, issuance, response to, further consideration of, or action in connection with" three identified Memoranda issued by the Department of Defense, "any and all documents similar to the Memoranda" which relate to Defendants, "any and all documents relating to the employment" of case

Agent Mark Dao, and "any and all documents relating to [Defendants'] alleged sale or supply of nonconforming titanium material not previously provided to [Defendants] as discovery...." Ex. A, Gov't Mot. to Quash (Doc. No. 702).

The Government contends that the subpoena does not comply with the standards for issuance of a subpoena under Federal Rule of Criminal Procedure 17 and that it fails to comply with federal regulations controlling the disclosure of agency information. Defendants don't specifically counter these assertions, but maintain that the subpoena was necessary to prompt the Government to produce documents it should have produced in discovery long ago.

Having reviewed the subpoena, the Court agrees with the Government's position that the subpoena is overbroad and does not comply with Rule 17(c) of the Federal Rules of Criminal Procedure. "Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Thus, Rule 17 is "merely an aid for obtaining relevant and evidentiary materials which the moving party plans to use at trial or in some other court proceeding." *United States v. Noriega*, 764 F.Supp. 1480, 1492 (S.D. Fla. 1991), citing *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980).

The subpoena currently at issue is not directed toward the production of specific evidentiary materials; Defendants are admittedly attempting to use the subpoena as a means of discovery. Furthermore, the Court is not persuaded that an overbroad subpoena is an appropriate remedy for an alleged discovery violation. If Defendants are aware of evidence being withheld by the Government in violation of its discovery obligations, a motion should be brought before this Court.

## Conclusion

The Court finds that the subpoena issued to the Department of Defense does not comply with the requirements of Rule 17(c) of the Federal Rules of Criminal Procedure. Accordingly, the subpoena is **HEREBY QUASHED**.

IT IS SO ORDERED.

DATED: November 17, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge